UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

UNITED STATES OF AMERICA,                    :          09 Civ. 3481 (HB)

                 Plaintiff,                     :

       - v. -                                     :

ANY AND ALL FUNDS ON DEPOSIT IN              :
ACCOUNT NO. 12671905, HELD IN THE
NAME OF LANDLOCKED SHIPPING                  :
COMPANY AT WELLS FARGO BROKERAGE
SERVICES, LLC, AND ALL INTEREST AND          :
OTHER PROCEEDS TRACEABLE THERETO,
                                             :
ANY AND ALL FUNDS ON DEPOSIT IN
ACCOUNT NO. 0578010886, HELD IN THE          :
NAME OF LANDLOCKED SHIPPING
COMPANY AT WELLS FARGO BANK, N.A.,           :
AND ALL INTEREST AND OTHER PROCEEDS
TRACEABLE THERETO, and                       :

ONE MERCEDES S600 FOUR-DOOR SEDAN,           :
BEARING VEHICLE IDENTIFICATION
NUMBER WDBGA57G5XA421548,                     :

             Defendants-in-rem.            :

-------------------------------------------------------------------x

**RESPONSES BY PLAINTIFF UNITED STATES OF AMERICA
TO CLAIMANTS LANDLOCKED SHIPPING COMPANY AND
DR. JITKA CHVATIK'S LOCAL CIVIL RULE 56.1 STATEMENT**

                     PREET BHARARA
                     *United States Attorney for the*
                     *Southern District of New York*

                     *Attorney for the United States of America*

Amy Lester
*Assistant United States Attorney*
     *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA,                :          09 Civ. 3481 (HB)

                  Plaintiff,                :

       - v. -                :

ANY AND ALL FUNDS ON DEPOSIT IN          :
ACCOUNT NO. 12671905, HELD IN THE
NAME OF LANDLOCKED SHIPPING              :
COMPANY AT WELLS FARGO BROKERAGE
SERVICES, LLC, AND ALL INTEREST AND      :
OTHER PROCEEDS TRACEABLE THERETO,
                                         :
ANY AND ALL FUNDS ON DEPOSIT IN
ACCOUNT NO. 0578010886, HELD IN THE      :
NAME OF LANDLOCKED SHIPPING
COMPANY AT WELLS FARGO BANK, N.A.,       :
AND ALL INTEREST AND OTHER PROCEEDS
TRACEABLE THERETO, and                   :

ONE MERCEDES S600 FOUR-DOOR SEDAN,       :
BEARING VEHICLE IDENTIFICATION
NUMBER WDBGA57G5XA421548,                 :

            Defendants-in-rem.           :

------------------------------------------------------------------x

### RESPONSES BY PLAINTIFF UNITED STATES OF AMERICA TO CLAIMANTS LANDLOCKED SHIPPING COMPANY AND DR. JITKA CHVATIK'S LOCAL CIVIL RULE 56.1 STATEMENT

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the

Southern and Eastern Districts of New York, plaintiff United States of America (the "Government")

submits these responses to Claimants Landlocked Shipping Company and Dr. Jitka Chvatik's Local

Civil Rule 56.1 Statement of Undisputed Material Facts dated May 27, 2009.

1.      On April 6, 2009, the Government commenced this action by filing its Verified Complaint.

Response:      Undisputed.

2.      On May 12, 2009, the Government filed an Amended Verified Complaint.

Response:      Undisputed.

3.      The Government, through the Amended Verified Complaint, seeks the forfeiture of certain monies referred to as the Peak House Funds. The Peak House Funds represent proceeds from the sale of real property known as the Peak House in Aspen, Colorado.

Response:      Undisputed.

4.      The basis for the Government's civil forfeiture claim is that Viktor Kozeny involved Peak House in alleged violations of the federal money laundering statute by bribing officials of the Government of Azerbaijan to ensure the privatization of the Azeri state-owned oil company, SOCAR, and to allow Kozney and others to obtain a controlling interest in SOCAR and other valuable Azeri State assets.

Response:      Disputed to the extent that the Amended Verified Complaint does not state that "Viktor Kozeny involved Peak House in alleged violations of the federal money laundering statute by bribing officials of the Government of Azerbaijan." The Amended Verified Complaint filed on May 12, 2009 states that "[b]eginning in or about August 1997 and continuing until in or about 1999, Kozeny and his co-conspirators paid bribes to the Azeri Officials and/or their designees to induce the Azeri Officials to allow the investment consortium to participate in privatization, to ensure the privatization of SOCAR and other valuable Azeri State assets, and to permit the investment consortium to acquire a controlling interest in SOCAR and other valuable Azeri State assets." (Amended Verified Complaint ("Complaint") ¶ 11, Declaration of Amy Lester dated

2

November 23, 2009 ("Lester Decl."), Ex. 1). The Complaint also sets forth the statutory bases for the Government's civil forfeiture claim and states that the Peak House Funds are subject to forfeiture as property involved in illegal money laundering transactions, or property traceable to such property. (Complaint ¶ 28, Lester Decl., Ex. 1).

5.    On September 26, 2000, Viktor Kozeny's counsel sent Alan Kaufman, then Chief of the Criminal Division for the United States Attorney's Office in the SDNY, a letter stating, among other things, that "[i]t was a pleasure visiting with you and discussing the prospect that my client will cooperate with the Office with respect to possible Foreign Corrupt Practices Act violations in connection with the privatization program of the Republic of Azerbaijan."

Response:    Undisputed.

6.    On November 7, 2000, Kozeny's counsel sent AUSA Michael Gilbert a letter addressing Kozeny's participation in the Azeri privatization program. Included with the letter, was a copy of, among other documents, the June 12, 2000 Findings of Fact, Conclusions of Law and Order ("Findings") entered by Chief Judge Babcock of the United States District Court for the District of Colorado in National Union Fire Insurance Company of Pittsburgh, PA., et al. v. Viktor Kozeny, et al. Judge Babcock's findings specifically reference Peak House and Kozeny's use of Peak House in the alleged scheme to obtain a controlling interest in SOCAR.[1]  The letter also included a draft Third-Party Complaint which further described Kozeny's and others' participation in the Azeri privatization program.

Response:    Undisputed.

7.    On February 11, 2009, the Government filed an application for an *ex parte* post

---

[1] Judge Babcock's order was published in West's Federal Supplement. See 115 F. Supp. 2d 1210 (D. Colo. 2000).

indictment restraining order (which Judge Scheindlin granted) in the criminal case pending against Kozeny. The Government's application relied heavily, if not exclusively, on Judge Babcock's Findings as the basis for the restraining order.

    Response:     Disputed to the extent that Claimants assert that the Government's application for a post-indictment restraining order "relied heavily, if not exclusively, on Judge Babcock's Findings as the basis for the restraining order." The authority upon which the Government sought the post-indictment restraining order was Section 853(e) of Title 21 of the United States Code, which empowers district courts to enter restraining orders and injunctions to preserve the availability of property subject to forfeiture, in order to protect the Government's ability to exercise its right of forfeiture. (Government's Application for Ex Parte Post-Indictment Restraining Order, Declaration of James E. Nesland dated May 26, 2009 ("Nesland Decl."), Ex. 3). Under Section 853(e)(1)(A), the Government was entitled to apply for entry of a post-indictment restraining order on the basis of the indictment against Kozeny, which identified the Peak House Funds as subject to forfeiture.[2] (Indictment 05 Cr. 518 (SAS), Nesland Decl. Ex. 15). In addition, the Government did not rely on the Findings as defined above. Rather, the Government cited to a decision dated June 23, 2000 by

---

[2] Title 21, United States Code, Section 853(e)(1)(A) provides:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section –
>     (A)    upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section[.]

Judge Babcock, which is reported at 115 F. Supp. 2d 1231 (D. Colo. 2000), in its application. (Nesland Decl. Ex. 3; Lester Decl. Ex. 38).

       8.     On November 16-17, 2000, Kozeny met with and was debriefed for two days by AUSA Gilbert and the other representatives from the Department of Justice regarding his participation in the Azeri privatization program.

      <u>Response</u>:     Undisputed.

       9.     On November 27, 2000, Kozeny's counsel sent AUSA Gilbert another letter addressing additional details of Kozeny's participation in the Azerbaijan privatization program.

      <u>Response</u>:     Undisputed.

      10.    On February 1, 2001, Kozeny's counsel sent AUSA Gilbert a letter providing more information concerning Kozeny and other investors' involvement in the privatization program.

      <u>Response</u>:     Undisputed.

      11.    On June 26, 2001, AUSA Mark Mendelsohn sent a letter to Kozeny's counsel requesting additional documents from Kozeny relating to the Azeri privatization program.

      <u>Response</u>:     Undisputed.

      12.    On July 5, 2001, AUSA Mendelsohn sent a follow-up letter to Kozeny's counsel concerning Kozeny's November 2000 debriefing by the Government.

      <u>Response</u>:     Undisputed.

      13.    On August 22, 2001, Kozeny's counsel sent AUSA Mendelsohn a letter "enclosing a substantial installment of most of the documents Viktor Kozeny is in a position to provide in response to your letter of July 5, 2001. The letter also identified documents relating to Kozeny's meeting with Clayton Lewis (an alleged co-conspirator indicted by the Government in 2003) in Aspen, Colorado and provided additional details on payments to Azeri officials.

<u>Response:</u>    Undisputed.

14.    On January 17, 2002, Kozeny's counsel sent AUSA Mendelsohn a letter confirming that Kozeny's second debriefing is scheduled for Monday and Tuesday, January 28-29, in Nassau.

<u>Response:</u>    Undisputed.

15.    On January 28-29, 2002, Kozeny met with and was debriefed by AUSA Mendelsohn and other representatives from the Department of Justice for a second time regarding his participation in the Azeri privatization program.

<u>Response:</u>    Undisputed.

16.    On March 10, 2003, the Government filed a criminal information against Thomas Farrell arising from Farrell's alleged participation in the payment of bribes to Azeri government officials in connection with the Azeri privatization program.  Although not referred to by name, Kozeny is identified in the information as an "unnamed co-conspirator" referred to as "John Doe."

<u>Response:</u>    Undisputed.

17.    On July 31, 2003, the Government filed a criminal information against Clayton Lewis arising from Lewis' alleged participation with Kozeny in the payment of bribes to Azeri government officials in connection with the Azeri privatization program.

<u>Response:</u>    Disputed in part. On July 31, 2003, a sealed indictment against Clayton Lewis was issued by a federal grand jury sitting in the Southern District of New York. (Docket Sheet, Nesland Decl. Ex. 14).  On October 6, 2005, the indictment was unsealed and Superseding Information S1 03 Cr. 930 (NRB) was filed by the Government.  (Superseding Information S1 03 Cr. 930 (NRB), Nesland Decl. Ex. 13).  The Government does not dispute the remaining factual allegations in Paragraph 17.

18.    On August 5, 2003, the Government filed a criminal indictment against Hans Bodmer arising from Bodmer's alleged participation with Kozeny in the payment of bribes to Azeri government officials in connection with the Azeri privatization program.

Response:    Disputed to the extent that Indictment 03 Cr. 947 (SAS) against Hans Bodmer was not "filed" by the Government, but rather issued by a federal grand jury sitting in the Southern District of New York.  (Indictment 03 Cr. 947 (SAS), Nesland Decl. Ex. 15).

19.    On May 12, 2005, the Government filed a criminal indictment against Kozeny arising from Kozeny's alleged participation in the payment of bribes to Azeri government officials in connection with the Azeri privatization program.

Response:    Disputed to the extent that Indictment 05 Cr. 518 (SAS) against Kozeny was not "filed" by the Government, but rather issued by a federal grand jury sitting in the Southern District of New York.  (Indictment 05 Cr. 518 (SAS), Nesland Decl. Ex. 17).

20.    The Kozeny indictment specifically alleges that Kozeny met with co-conspirator Clayton Lewis at Kozeny's Aspen home (i.e. Peak House) as an overt act in furtherance of the conspiracy to bribe Azeri officials.

Response:    Undisputed.

21.    The Kozeny indictment contains a forfeiture allegation requesting forfeiture of the Peak House funds pursuant to 18 U.S.C. § 982.

Response:    Disputed to the extent that the forfeiture allegation does not "request[ ]" forfeiture of the Peak House funds, but rather provides notice that the United States intends to seek forfeiture of the Peak House funds.  (Indictment 05 Cr. 518 (SAS) ¶ 83, Nesland Decl. Ex. 17).

Dated: New York, New York
       November 23, 2009

PREET BHARARA
United States Attorney
for the Southern District of New York
Attorney for Plaintiff
United States of America

By: _____
     Amy Lester (AL-3398)
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     Tel.: (212) 637-2416
     Fax: (212) 637-0421