# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

UNITED STATES OF AMERICA,  :  CLAIMANTS' RESPONSES TO
                                      SPECIAL INTERROGATORIES
　　　　Plaintiff,          :
                              Case No. 09 Civ. 3481 (HB)
vs.                         :

ANY AND ALL FUNDS ON DEPOSIT IN  :
ACCOUNT NOS. ****1905 AND ****0886,
HELD IN THE NAME OF LANDLOCKED   :
SHIPPING COMPANY AT WELLS FARGO
BANK, N.A., AND ALL INTEREST AND :
OTHER PROCEEDS TRACEABLE
THERETO, and                     :

ONE MERCEDES S600 FOUR-DOOR      :
SEDAN, BEARING VEHICLE
IDENTIFICATION NUMBER            :
WDBGA57G5XA421548,

　　　　Defendants-in-rem.   :

------------------------------------- X

Pursuant to Supplemental Rule G (6), Claimants Landlocked Shipping Company ("Landlocked") and Dr. Jitka Chvatik (collectively "Claimants"), by and through their undersigned counsel, hereby answer or object to Plaintiff's Supplemental Rule G (6) Special Interrogatories, dated June 16, 2009, as follows:

**GENERAL OBJECTIONS**

These general objections (the "General Objections") are incorporated into each specific answer and objection hereinafter set forth, whether generally or as to each or any specific question, as if fully set forth therein, and will not be repeated in each specific answer or objection. Where a General Objection is repeated or referred to in a specific answer or objection, it is for emphasis only.

1.　　Claimants' answers are based upon the best information currently available to Claimants. Claimants object to these Special Interrogatories as seeking information that may

have existed and, but for Plaintiff's delay would have been preserved and available for Claimants to respond to discovery in this action and offer as evidence in support of their claims. Given the undue delay and untimeliness of Plaintiff's action, the passage of time, the age of the alleged events at issue, and the early stage of discovery, Claimants are only now investigating and collecting whatever information they may have or which may still exist relating to the allegations. Claimants reserve the right to supplement, amend, and correct all or any part of these answers as and when Claimants obtain additional information through their investigation and discovery.

2. In responding to these Special Interrogatories, Claimants object to answering any of the questions posed because Plaintiff unduly delayed the filing of this action, Plaintiff's action is barred by the applicable statute of limitations and Plaintiff filed this action in bad faith knowing the action is time barred. Claimants do not waive their statute of limitations defense by answering these Special Interrogatories and they do not concede that the Special Interrogatories are timely or that any of the information Plaintiff requests is discoverable or relevant, material, or necessary to the prosecution of this action, or admissible into evidence.

3. Claimants object to these Special Interrogatories to the extent they are overly broad, unduly burdensome and seek information beyond the scope of discovery Rule G (6)(a) authorizes for Special Interrogatories, which is: Claimants' identity and relationship to the funds on deposit in Claimant Landlocked's accounts at Wells Fargo Bank.

4. Claimants object to these Special Interrogatories to the extent that they are vague and ambiguous.

5. Claimants object to these Special Interrogatories, including in particular Plaintiff's inclusion of " Definitions and Instructions," to the extent Plaintiff purports to impose obligations upon Claimants beyond those provided in Rule G, Rule 33 and Local Rule 33.3.

6. Claimants object to these Special Interrogatories to the extent they seek

information that contains or reflects privileged attorney-client communications; constitute attorney work product; or are otherwise protected from disclosure under applicable privileges, rules or laws (hereinafter "Privileged Information.")  The inadvertent production of any Privileged Information is not intended and shall not be deemed to waive or abridge any applicable privilege.

7. Claimants object to these Special Interrogatories to the extent they seek identities of persons whose relevant knowledge consists exclusively of Privileged Information.

8. Claimants object to these Special Interrogatories to the extent they are contention interrogatories, or are argumentative, predicated upon erroneous assumptions, contain factual inaccuracies, or state or assume legal conclusions. By answering anyone of them, Claimants do not admit, and specifically reserve the right hereafter and in the future to challenge the factual and legal basis and allegations upon which the interrogatories and questions posed are predicated.

9. Claimants object to these Interrogatories to the extent they request information that is not discoverable and has not been fully developed at this stage of the litigation. Claimants' answers are based upon limited and incomplete information because, among other reasons: (1) Plaintiff filed this action untimely and Claimants have been prejudiced by the passage of time relating to the events at issue dating back to 1995; (2) Plaintiff has entered into plea agreements with witnesses who are under Plaintiff's exclusive control and refuse to cooperate in Claimants' investigation and collection of information relevant to the allegations and events at issue in the Complaint; (3) and Claimants have not had time to investigate and discover adequately factual information upon which to answer these Special Interrogatories.

10. Claimants object to these Special Interrogatories to the extent that they request information equally or more conveniently accessible to and ascertainable by Plaintiff from its own departments and agencies who possess documents and information responsive to the

3

questions; its grand jury investigations of the alleged events referenced in the Complaint and in the pending indictments and Informations filed against Thomas Farrell, Hans Bodmer, Clayton Lewis, Frederick Bourke, David Pinkerton and Viktor Kozeny; and Plaintiff's control over witnesses and cooperating witnesses who refuse to assist Claimants. Claimants' responses are limited to information currently known to Claimants.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

<u>INTERROGATORY 1(A)</u>

For Dr. Chvatik, state your full name (including any alias(es)), where you reside, all address(es) at which you currently receive mail, and provide a copy of a form of identification, such as a passport.

<u>Specific Objections</u>:

Dr. Chvatik specifically objects to this interrogatory to the extent in implies that she uses or would use aliases. Dr. Chvatik further specifically objects to this interrogatory to the extent it requests copies of documents which are not discoverable through interrogatories. Without waiving these objections, Claimants provide the following information in response to this Interrogatory.

<u>Response</u>:

My married name is Dr. Jitka Zdenka Chvatik. My previous married name was Dr. Jitka Zdenka Kozena. I was born Jitka Zdenka Stehlikova on ▆▆▆▆▆▆▆ in Prague, Czechoslovakia. I was licensed to practice internal medicine, specifically in cardiology, and practiced and for a period of time taught medicine from 1964 until my retirement in 1993.

My Residences and mailing addresses are: Residence: Metropole, 19 Avenue des Spelugues, 98000 Monaco; E.P. Taylor Dr., Lyford Cay, Nassau N-7776, The Bahamas; Residenz Seehof, Promenadestr. 159, 7260 Davos Dorf, Switzerland; Schuebelstr. 2, 8700 Kuesnacht, Switzerland

4

I am a German national. My German Passport No. is C4V29MOFG, issued 29 April 2008. A copy of the identification page of my Passport will be produced in response to Plaintiff's Requests for Production of Documents..

**INTERROGATORY 1(B)**

For Landlocked, please state (i) the location of the business, including county and state and/or country of incorporation and location where the business is actually located; the date of the business' founding; (ii) the business' primary source of income and purpose; any and all assets held by the business; (iii) a copy of the business plan; a list of all corporate shareholders, owners, employees and officers; (iv) a list of entities or persons who have contributed money or capital in any capacity to said business; and (v) all documentation regarding the nature of said contribution or loan and repayment obligations, if any.

Specific Objections:

Landlocked specifically objects to this interrogatory to the extent it seeks answers beyond the discovery authorized and permitted under Rule G (6) (A): Landlocked's identity and relationship to the funds on deposit in its accounts at Wells Fargo Bank. Landlocked further specifically objects to this question to the extent if requests copies of documents which are not discoverable through interrogatories. Without waiving these objections, Claimants provide the following information and documents in response to this Interrogatory.

Response:

(i) Landlocked was incorporated by Morris Cottingham Associates Ltd. under the laws of the Crown Colony of the Turks and Caicos Islands on 27 October 1995. It has maintained its corporate office at Morris Cottingham Associates, Ltd. n/k/a Morris, Cottingham Corporate Services Limited, P.O Box 156, Hibiscus Square, Pond Street, Grand Turk, Turks and Caicos Islands. Landlocked also has maintained addresses in care of Schroder Trust A.G., Zurich, Switzerland; Von Meiss Blum Partners, Zurich, Switzerland; Chopin, Miller & Yudenfreund,

5

440 Royal Palm Way, Palm Beach FL, Chopin & Miller, West Palm Beach, Florida; Hall & Evans, L.L.C., 1200 17th Street, Denver, CO ; Murray Franke Greenhouse List & Lippitt, LLP, 1228 15th Street, Denver, CO.

(ii) In trust and for the benefit of Dr. Chvatik, Landlocked acquired Peak House, 2137 Red Mountain Road, Aspen, CO. on June 5, 1997 and sold it on November 2, 2001. From June 5, 1997 to 2001, Dr. Chvatik, her husband and with invitation her family used Peak House as a vacation home. In 1999, Dr. Chvatik decided that Landlocked would rent Peak House from time to time to help defray and pay taxes, caretakers, maintenance, improvements and expenses associated with Landlocked's ownership of Peak House. Landlocked derived reportable and reported rental income during 1999, 2000, and 2001 which was used to defray and pay such expenses. Since November 2, 2001, when Landlocked sold Peak House, Landlocked has earned investment income from the proceeds derived from the sale of Peak House.

(iii) Claimants provide the following answers upon their current information and belief: At all times, Apollo Nominees Limited, a Turks and Caicos Island company, n/k/a Apollo Management Consultants, Ltd., P.O. Box 156, Hibiscus Square, Pond Street, Grand Turk, Turks and Caicos Islands, has been the sole shareholder of Landlocked. It has held and still holds Landlocked's share capital in trust for Dr. Chvatik, as the sole beneficial owner of Landlocked. Apollo Investments Ltd is a Director. Dr. Chvatik was informed and believed from information provided by Schroder Trust, as managing Trustee of Epsilon Trust, f/k/a Caribbean Yachting Trust, BVI and Defigold Trust SA, as Protector, that Landlocked was owned by Howley Company SA, BVI, and was held in trust for the sole benefit of Dr. Chvatik. (Enclosed is a copy of Werner Niedermann's affidavit reflecting the information.) Those who have acted on behalf or for the benefit of Landlocked as Directors, trustees, protectors, attorneys-in-fact, authorized representatives or agents and/or on behalf and for the benefit of Dr. Chvatik as the sole beneficial owner of Landlocked are Ervine Quelch, Morris Cottingham Corporate Services Limited; Joel

Yudenfruend, formerly with Chopin, Miller & Yudenfruend (dissolved); Frank Chopin, formerly with Chopin & Miller (dissolved); Jackie Miller, formerly with Chopin & Miller; Warner Niedermann, formerly with Schroder Trust AG, Managing Trustee of Epsilon Trust, f/k/a Caribbean Yachting Trust, Central 2 P.O. Box, CH-8021, Zurich, Switzerland; Defigold Trust SA, Protector; Dr. Claude P. Blum, Dr. Hans Bodmer and Dr. Andre Wahrenberger, formerly with von Meiss Blum & Partners (dissolved), CH-8021, Zurich, Switzerland; Hall & Evans; Bradley Haight, Paul Franke and Charles Greenhouse, Murray, Franke Greenhouse List & Lippitt.

(iv) Claimants object to this question because it seeks information that is not discoverable through Special Interrogatories issued pursuant to Rule G (6). Without waiving this objection, Claimants state that von Meiss Blum Partners, Schroder Trust, A.G., Chopin, Miller & Yudenfreund, Chopin & Miller, Hall & Evans, and Murray, Franke, Greenhouse, List & Lippitt have acted on behalf and for the benefit of Claimants and have used funds in trust or in their care, custody or control for that purpose. Dr. Chvatik also has used credit cards and spent personal funds on behalf of Landlocked.

(v) Claimants object to this question because it seeks documents which are not discoverable interrogatories. Without waiving this objection, Claimants state that the above-referenced entities and individuals may have documents and information responsive to this interrogatory. Claimants will produce whatever responsive documents they have in response to Plaintiff's Requests for Documents.

**INTERROGATORY NO. 2:**

State whether Dr. Chvatik made any trips to the United States during the period from January 1, 1997 through December 31, 2001 For any such trip(s), list the following information:

    (a)    The date and location of arrival

    (b)    The date and location of departure

7

    **(c)**    The purpose of the trip

    **(d)**    Whether the trip involved a visit to Peak House, and, if so, for what duration

Specific Objections:

Claimants object to this Interrogatory in its entirety because it seeks information that is available to Plaintiff from Form I-94 and U.S. Customs Declaration forms completed by Dr. Chvatik upon her entry into and departure from the U.S. during the period. Without waiving that objection, Dr. Chvatik states that she is not in possession of her German passports reflecting entry and departure dates during the period. Dr. Chvatik renewed her German passport in 2000. Her old passport reflected entry and departure dates in 1997-2000. She renewed her 2000 passport in 2008. Her 2000 passport reflected entry and departure dates in 2000 and 2001. She is in possession only of her current passport issued in 2008. Dr. Chvatik is searching to determine if she retained copies of documents and other information which reflects her entries into and departures from the U.S. and visits to Peak House during the period and will provide any responsive documents in response to Plaintiff's Requests for Documents. Dr. Chvatik has photographs of her visits to Peak House and Aspen (which she will produce copies of in response to Plaintiff's Requests for Production of Docuements), and she recalls that during the period from January 1, 1997 through December 31, 2001 she frequently visited the U.S. and vacationed at Peak House.

**INTERROGATORY NO. 3:**

State, with specificity, the basis for your contention that "the capital shares [of Landlocked] are held in trust for Dr. Jitka Chvatik as ultimate beneficiary." Please also provide the relevant deed of trust, the names and addresses of the trustees and all beneficiaries, and a list of entities or persons who have contributed to the trust, including amounts of contributions.

Specific Objections and Response:

Claimants object to this contention interrogatory because contention interrogatories are not authorized by Rule G (6). Without waiving this objection, Claimants state that information responsive to this Interrogatory is stated in the answers to previous interrogatories. Claimants will produce responsive documents in response to Plaintiff's Request for Documents.

**INTERROGATORY NO. 4:**

State, with specificity, the basis for your contention that Dr. Chvatik "is the real party [in] interest as the ultimate beneficial owner of" Landlocked and the Defendant Funds.

Specific Objections and Response:

Claimants object to this contention interrogatory because contention interrogatories are not authorized by Rule G (6). Without waiving this objection, Claimants state that information responsive to this Interrogatory is stated in the answers to previous interrogatories.

**INTERROGATORY NO. 5:**

State, with specificity, the basis for your contention that "Landlocked entered into a contract . . . to acquire Peak House . . . for a purchase price of $19,750,000," and identify the alleged source(s) of the funds used by Landlocked to purchase Peak House  Please also provide the relevant contract of sale and closing documents.

Specific Objections and Response:

Claimants object to this contention interrogatory in its entirety because contention interrogatories are not authorized by Rule G (6). Without waiving this objection, Claimants state that it is a fact, not a contention, that Landlocked, as purchaser, entered into a Residential Contract to Buy and Sell Real Estate, dated May 29, 1997, with Normanstone Foundation, a Delaware corporation, as seller, for a stated purchase price of $19,750,000. The purchase and sale closed on June 6, 1997 and Landlocked was issued a General Warranty Deed which it recorded on June 6 1997 at Reception No. 405153 in the Pitkin County Clerk and Recorders office, Colorado. Claimants will produce copies of any closing documents they have in response

9

to Plaintiff's Requests for Documents. Upon information and belief, Morris Cottingham Associates, von Meiss Blum Partners, Schroder Trust A.G. and Chopin, Miller & Yudenfreund handled the transaction on behalf of Claimants, and Hans Bodmer arranged the funding to pay the purchase price.

**INTERROGATORY NO. 6:**

State, with specificity, the basis for your contention that "Landlocked entered into a contract . . . to sell Peak House . . . for a sales price of . . . $22,000,000." Please also provide the relevant contract of sale and closing documents.

Specific Objections and Response:

Claimants object to this contention interrogatory in its entirety because it is not authorized by and seeks information and production of documents that are not discoverable through Special Interrogatories issued pursuant to Rule G (6). Without waiving this objection, Claimants state that it is a fact, not a contention, that Landlocked, as seller, entered into a Residential Contract to Buy and Sell Real Estate, dated June 12, 2001, with Red Mountain Villa LLC, a Colorado limited liability company, as purchaser, to sell Peak House for a stated purchase price of $24,000,000. The purchase and sale closed on November 2, 2001. Claimants will produce copies of any closing documents they have in response to Plaintiff's Request for Documents.

**INTERROGATORY NO. 7:**

Identify and describe all statements or representations, written, oral, or otherwise, made by or on behalf of any claimant in this action to Wells Fargo in conjunction with the opening of the accounts holding the Defendant Funds.

Specific Objections and Response:

Claimants object to this interrogatory in its entirety because it is not authorized by and seeks information that is not discoverable through Special Interrogatories issued pursuant to Rule

10

G (6). Claimants further object to this question because it seeks information that is unduly burdensome and expensive for Claimants to ascertain and collect. Without waiving this objection, Claimants state upon information and belief that Claimants were represented by Landlocked's attorneys Hall & Evans and Murray, Franke, Greenhouse, List & Lippitt when the accounts were opened with Wells Fargo Bank. Attorneys from those law firms communicated with Wells Fargo to open the accounts.

Dated:    July 27, 2009

AS TO OBJECTIONS:

By: _____
James E. Nesland (JN-2306)
COOLEY GODWARD KRONISH LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

Attorneys for Claimants Landlocked
Shipping Company and Dr. Jitka Chvatik

## CERTIFICATE OF SERVICE

    I, James E. Nesland, hereby certify that on July 27, 2009, I caused to be served true and correct copies of **CLAIMANTS' RESPONSES TO SPECIAL INTERROGATORIES**, upon the party listed below via email and U.S. Mail, postage prepaid:

        Amy Ruth Lester, Esq.
        Assistant United States Attorney
        U.S. Attorney's Office
        One St. Andrew's Plaza
        New York, NY  10007
        amy.lester@usdoj.gov
        *Attorneys for Plaintiff*

By: _____
     James E. Nesland (JN-2306)

324852 v1/CO

## VERIFICATION AS TO RESPONSES TO UNITED STATES' FIRST SET OF SPECIAL INTERROGATORIES TO CLAIMANTS

I, Dr. Jitka Chvatik, have read the foregoing **RESPONSES TO UNITED STATES' FIRST SET OF SPECIAL INTERROGATORIES TO CLAIMANTS** and personally and on behalf of Landlocked Shipping Company declare under penalty of perjury under the laws of the United States of America that the foregoing Responses are true and correct.

Dated this 20 day of July, 2009.

_Dr. Jitka Chvatik_
Dr. Jitka Chvatik

323996 v1/CO