# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

UNITED STATES OF AMERICA,          :   CLAIMANTS' RESPONSES TO UNITED
                                       STATES' FIRST SET OF
          Plaintiff,            :   INTERROGATORIES AND REQUEST
                                         FOR PRODUCTION OF DOCUMENTS
      vs.                       :   TO CLAIMANTS LANDLOCKED
                                         SHIPPING COMPANY AND DR. JITKA
ANY AND ALL FUNDS ON DEPOSIT IN   :   CHVATIK
ACCOUNT NOS. ****1905 AND ****0886,
HELD IN THE NAME OF LANDLOCKED   : Case No. 09 Civ. 3481 (HB)
SHIPPING COMPANY AT WELLS FARGO
BANK, N.A., AND ALL INTEREST AND
OTHER PROCEEDS TRACEABLE       :
THERETO, and                       :

ONE MERCEDES S600 FOUR-DOOR    :
SEDAN, BEARING VEHICLE
IDENTIFICATION NUMBER
WDBGA57G5XA421548,            :

       Defendants-in-rem.        :

------------------------------------- X

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and applicable Local

Rules, Claimants Landlocked Shipping Company and Dr. Jitka Chvatik ("Claimants"), by and

through their undersigned counsel, object and respond to United States' First Set Of

Interrogatories and Request for Production of Documents, dated July 1, 2009 (the

"Interrogatories" and "Requests for Documents") as follows:

### GENERAL OBJECTIONS AND RESPONSES

These general objections (the "General Objections") are incorporated into each specific

response and objection hereinafter set forth, whether generally or as to each or any specific

request, as if fully set forth therein, and will not be repeated in each specific response or

objection. Where a General Objection is repeated or referred to in a specific response, it is for emphasis only.

1.      Claimants' answers, responses and objections are based upon the best information currently available to Claimants. Claimants object to these Interrogatories and Requests for Documents as seeking information that may have existed were it not for Plaintiff's unnecessary and unjustified delay. As a consequence of Plaintiff's delay, the requested information and documents would have been preserved and would exist, and the information and documents would available to respond to discovery and, more particularly, to offer as evidence in support of Claimants' claims and in defense of Plaintiff's action. Given Plaintiff's undue delay and untimeliness in filing this action, the passage of time, the age of the alleged events at issue dating back to 1995, and the early stage of discovery, Claimants are only now investigating and collecting whatever information and documents may exist and they reserve the right to supplement, amend, or correct all or any part of these responses and objections if Claimants obtain other or additional information.

2.      In responding to these Interrogatories and Requests for Documents, Claimants object to answering any of the questions posed because Plaintiff unduly delayed the filing of this action, Plaintiff's action is barred by the applicable statute of limitations and Plaintiff filed this action in bad faith knowing the action is time barred. Claimants do not waive their due process rights with respect to challenging Plaintiff's delay and the prejudice to Claimants from the delay or their statute of limitations defense by answering these Interrogatories and they do not concede that the Interrogatories and Requests for Documents are timely or that any of the information Plaintiff requests is discoverable or relevant, material, or necessary to the prosecution of this action, or admissible into evidence.

2

3.    Claimants object to the Interrogatories and Requests for Documents to the extent that they are overly broad, unduly burdensome or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Claimants object to the Interrogatories and Requests for Documents to the extent that they are vague and ambiguous.

5.    Claimants object to the Interrogatories and Requests for Documents, including their "Definitions and Instructions," to the extent they purport to impose obligations upon Claimants beyond the requirements of the applicable Federal Rules of Civil Procedure, in particular Rule 26, 33 and 34 and applicable Local Rules of the Southern District of New York.

6.    Claimants object to the Interrogatories and Requests for Documents to the extent they seek information that contains or reflects privileged attorney-client communications; constitute attorney work product; or are otherwise protected from disclosure under applicable privileges, rules or laws (hereinafter "Privileged Information.") The inadvertent production of any Privileged Information is not intended and shall not be deemed to waive or abridge any applicable privilege.

7.    Claimants object to the Interrogatories and Requests for Documents to the extent they seek identities of persons whose relevant knowledge consists exclusively of Privileged information.

8.    Claimants object to the Interrogatories and Requests for Documents to the extent that they are argumentative, predicated upon erroneous assumptions, contain factual inaccuracies, or state or assume a legal conclusion. By responding to the Interrogatories and Requests for Documents, Claimants do not admit, and specifically reserves the right to challenge, any of the factual or legal predicates contained in the Interrogatories.

3

9.      Claimants object to the Interrogatories and Requests for Documents to the extent that they are premature and request information that has not been fully developed at this early stage of the litigation.  Claimants' responses to the Interrogatories and Requests for Documents are limited because, among other reasons:  (1) Documents and information responsive to the Interrogatories and Requests for Documents, if it continues to exist and has not been destroyed in the ordinary course of business, is located in multiple foreign and U.S. jurisdictions where Claimants' trustees, protectors, lawyers, accountants and advisors maintain or maintained offices during the relevant time and may no longer be in existence; (2) Claimants lack the legal process and have not had time to issue available legal process to discover relevant factual information upon which to answer the Interrogatories; (3) Plaintiff has filed criminal actions, entered into plea agreements, letter immunities, and other understandings and have used the criminal and grand jury processes to cause and have caused potential witnesses and persons and firms with potentially relevant evidence to refuse to respond or cooperate with Claimants and their counsel in seeking information, documents and interviews; and (4) discovery is not yet complete.

10.     Claimants object to the Interrogatories and Requests for Documents to the extent that they request information equally or more conveniently ascertainable by Plaintiff without the assistance of Claimants and through the Plaintiff's control of potential witnesses with whom Plaintiff has plea agreements, letter immunities and understandings.  Accordingly, Claimants' responses are limited to information known to, and concerning, themselves.

11.     Claimants object to the Interrogatories and Requests for Documents to the extent that the information and documents requested seek documents that pre-date 2004, the last date before the statute of limitations governing this action expired.

12.     Claimants object to the Interrogatories and Requests for Documents in their entirety

because the Plaintiff tactically delayed since 2000 to file this action and filed this action in bad faith with knowledge that it was barred by the applicable statute of limitations and that Viktor Kozeny did not own or control Claimants or Peak House.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify your relationship to the below persons or entities:

    **(a)**    Peak House

    **(b)**    Peak House Corporation

    **(c)**    Turnstar Limited

    **(d)**    Kozeny

**RESPONSE TO INTERROGATORY NO. 1:**

    (a)    See answers to Special Interrogatories describing Claimants' relationship to Peak House.

    (b)    Upon information and belief, for a period of time Peak House Corporation provided transportation, maintenance and services for Peak House. It was owned by Howley Company SA, and controlled by Schroder Trust as managing trustee of the Epsilon Trust of which Dr. Chvatik is the beneficiary.

    (c)    Claimants object to this interrogatory request on the grounds that information concerning Turnstar Limited is irrelevant and will not lead to the discovery of admissible evidence.

    (d)    Viktor Kozeny is Dr. Chvatik's son born on ███████ in Prague, Czechoslovakia and father of Dr. Chvatik's four grandchildren.

5

**INTERROGATORY NO. 2:**

Identify each person who has knowledge or claims to have knowledge of the facts that you contend support or tend to support your claims in this action. For each person so identified, describe the substance of the facts known by that person and whether you expect to rely on the testimony of that person in this action.

**RESPONSE TO INTERROGATORY NO. 2:**

Claimants object to the Interrogatory as premature at this early stage of the proceedings and seeking information Claimants have not discovered and may not be available for discovery due to the Plaintiff's delay in filing this action and plea agreements and understandings with potential witnesses from whom Claimants require discovery. They further object to identifying potential witnesses as the request to do so is premature, since the action is time-barred, the case should be dismissed without identification or use of witnesses. Claimants also object to the Interrogatory because it seeks information that Claimants are only now seeking to investigate and discover from those individuals and entities who acted on behalf or for the benefit of Dr. Chvatik as the beneficiary of the Epsilon Trust, formerly the Caribbean Yachting Trust, including Morgan & Morgan, trustee, Schroder SA, managing trustee, von Meiss Blum & Partners, Protector and Administrator, Chopin, Miller & Yudenfreud, Chopin & Miller, Hall & Evans and Franke, Greenhouse, List & Lippett Subject to and without waiving these objects, Claimants state the following upon information and belief:

Dr. Chvatik has knowledge of facts that support Claimants' claims. She has agreed to a deposition in Zurich, Switzerland. The substance of relevant facts that may be known to her will be the subject of and revealed in the deposition.

Ervine Quelch, Morris Cottingham Corporate Services Limited. Claimants believe the

6

substance of relevant facts that may be known to Mr. Quelch is that he incorporated Landlocked in 1995 and, since then, has held its shares in trust through Apollo Nominees Limited for the sole benefit of Dr. Chvatik. Mr. Quelch authorized the purchase, rental and sale of Peak House and the investment of the proceeds of the sale.

Werner Niederman, formerly with Schroder Trust AG. Claimants believe the substance of relevant facts that may be known to Mr. Niederman is summarized in an affidavit Claimants will produce to Plaintiff in response to Plaintiff's Requests for Production of Documents.

Professionals formerly with von Meiss Blum & Partners. Claimants believe the substance of relevant facts known to professionals formerly with von Meiss Blum & Partner are is that they were engaged by Dr. Chvatik to structure and administer trusts and trust assets, including the Epsilon Trust of which Dr. Chvatik was the beneficiary. In these capacities, they arranged and directed other professionals to incorporate Landlocked, to provide funding to purchase and consummate the purchase of Peak House, and to provide for maintenance of Peak House.

Professionals formerly with Chopin, Miller & Yudenfreund and Chopin & Miller. Claimants believe the substance of relevant facts that may be known to professionals formerly with Chopin, Miller & Yuden and Chopin & Miller is that in 1995 they asked Ervine Quelch to incorporate Landlocked and hold its shares in trust for the benefit of Dr. Chvatik; and in 1997 they handled Landlocked's purchase of Peak House. They acted on Landlocked's behalf in connection with renting Peak House, filing tax returns reporting rental income, providing insurance and maintenance for Peak House, and assisting in the sale of Peak House in 2001.

Professionals with or formerly with Hall & Evans. Claimants believe the substance of relevant facts that may be known to professionals with or formerly with Hall & Evan is that they

7

acted as counsel to Peak House in connection filing tax returns and selling Peak House in 2001.

Others who may have knowledge of relevant facts include professionals with Morgan & Morgan, Schroder SA, Grant Thornton; Price Waterhouse Coopers, and Franke, Greenhouse, List & Lippitt. Claimants investigation and discovery may ascertain others with knowledge of relevant facts.

**INTERROGATORY NO. 3:**

Identify any and all documents which you contend support or tend to support your claims in this action, including any and all documents that support your claim of an ownership interest in the Defendant Funds and/or Peak house.

**RESPONSE TO INTERROGATORY NO. 3:**

Claimants are producing in response to Plaintiff's Request for Documents the documents of which they are currently aware that support their claims. Despite and because of the undue lapse of time between the dates of the events alleged in the Complaint and the filing of the Complaint, Claimants continue to investigate in an effort to find and collect documents that existed and would exist to support their claims.

**INTERROGATORY NO. 4:**

Identify any individual(s) who have paid, or promised to pay, any of your legal expenses.

**RESPONSE TO INTERROGATORY NO. 4:**

Dr. Chvatik.

**INTERROGATORY NO. 5:**

Identify with particularity all of the costs and expenses of Peak House that you have incurred, the period of time during which those costs and expenses were incurred, and how much

8

you contributed to paying those costs and expenses. Identify any and all of the documents and other evidence supporting this contention.

**RESPONSE TO INTERROGATORY NO. 5:**

Claimants object to this interrogatory insofar as it seeks particularization of costs and expenses of Peak House because such costs and expenses were incurred during the period from 1997 through 2001 and most of the records and documents relating to such costs and expenses may not exist due to the passage of time and undue and unconscionable delay in filing this action. Subject to that objection, Claimants will produce the documents that they have been able to locate documenting costs and expenses. Claimants state documents and information regarding costs and expenses related to Peak House also exist or may exist in the files of Morris Cottingham Associates, Schroder Trust AG, Morgan & Morgan, MMG Panazus Ltd., von Meiss Blum & Partners, or its successors, Grant Thornton, Zurich, Chopin, Miller & Yudenfreund, or its successors, Chopin & Miller, or its successors, Price Waterhouse Coopers, Hall & Evans, and Franke, Greenhouse, List & Lippit.

**INTERROGATORY NO. 6:**

Identify all mortgage and tax payments you have made for Peak House (including dates, amounts, and the source of monies used to make payment). Identify all of the individuals who have paid taxes and mortgages for Peak House. Identify any and all of the documents and other evidence supporting this contention.

**RESPONSE TO INTERROGATORY NO. 6:**

Landlocked did not finance the purchase of Peak House with a mortgage. Upon information and belief, tax payments for Peak House were paid from rental income and trust assets. Claimants are producing whatever documents they have relating to payment of expenses

9

including any tax payments in response to Plaintiff's Request for Production of Documents.

**INTERROGATORY NO. 7:**

Indentify all individuals who were present at the closing on the contract to purchase Peak House referenced in Paragraph 3 of the Verified Claim.

**RESPONSE TO INTERROGATORY NO. 7:**

Upon information and belief, Claimants were represented on the contract to purchase Peak House by Joel Yudenfreund and, if there was a closing, he would have attended. The closing documents Claimants are providing documents in response to Plaintiff's Request for Production of Documents that may identify others who may have been present at any closing.

**INTERROGATORY NO. 8:**

Identify all individuals who were present at the closing on the contract to sell Peak House referenced in paragraph 5 of the Verified Claim.

**RESPONSE TO INTERROGATORY NO. 8:**

Upon information and belief, Claimants were represented by Bradley Haight of Hall & Evans on the contract to sell Peak House and, if there was a closing, he would have attended. The closing documents Claimants are providing in response to Plaintiff's Request for Production of Documents may identify others who may have been present at any closing.

## REQUEST FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents in your possession reflecting, stating and relating, in whole or in part to any ownership interest you claim in the Defendant Funds and/or Peak House.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Claimants will produce those documents in their possession that are responsive to this

10

Request.

**REQUEST FOR PRODUCTION NO. 2:**

All documents in your possession reflecting, stating or relating, in whole or in part to any interest that anyone else claims in the Defendant Funds and/or Peak house.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Claimants are unaware of anyone else who claims an interest in Peak House or Claimants' funds, except Plaintiff who asserts a time-barred claim to an interest which has no basis in law or fact and is frivolous.

**REQUEST FOR PRODUCTION NO. 3:**

All documents in your possession concerning or relating to Peak House, such as pertinent correspondence, contracts, applications, agreements, receipts, checks and bank records, and any other physical evidence, which are relevant to the subject matter of this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Claimants will produce the documents in their possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents in your possession reflecting, stating, or relating, in whole or in part, to the source of the funds used purchase Peak House.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Claimants will produce the documents in their possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents in your possession reflecting, stating, or relating, in whole or in part, to the source of the funds used to pay for costs and expenses associated with the Peak house.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Claimants will produce the documents in their possession that are responsive to this Request.

Dated:    July 31, 2009

AS TO OBJECTIONS AND DOCUMENT
REQUESTS:

By: _____
James E. Nesland (JN-2306)

COOLEY GODWARD KRONISH LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone:  (720) 566-4000
Facsimile:  (720) 566-4099

Attorneys for Claimants Landlocked
Shipping Company and Dr. Jitka Chvatik

13

## CERTIFICATE OF SERVICE

I, James E. Nesland, hereby certify that on July 31, 2009 I caused to be served true and correct copies of **CLAIMANTS' RESPONSES TO UNITED STATES' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO CLAIMANTS LANDLOCKED SHIPPING COMPANY AND DR. JITKA CHVATIK** upon the party listed below the party listed below via email and U.S. Mail, postage prepaid to:

Amy Ruth Lester, Esq.
Assistant United States Attorney
U.S. Attorney's Office
One St. Andrew's Plaza
New York, NY  10007
amy.lester@usdoj.gov
*Attorneys for Plaintiff*

By: _____
       James E. Nesland (JN-2306)

**VERIFICATION AS TO RESPONSES TO UNITED STATES' FIRST SET OF
INTERROGATORIES TO CLAIMANTS**

I, Dr. Jitka Chvatik, have read the foregoing **RESPONSES TO UNITED STATES'**

**FIRST SET OF INTERROGATORIES TO CLAIMANTS** and personally and on behalf of

Landlocked Shipping Company declare under penalty of perjury under the laws of the United

States of America that the foregoing Responses are true and correct.

Dated this ⟨⟨⟩⟩ day of _July_, 2009.

                                                 _____
                                                 Dr. Jitka Chvatik

324851 v2/CO