UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

UNITED STATES OF AMERICA,

                                                                            09 Civ. 3481 (HB)

        Plaintiff,

  - v. -

ANY AND ALL FUNDS ON DEPOSIT IN
ACCOUNT NO. 12671905, HELD IN THE
NAME OF LANDLOCKED SHIPPING
COMPANY AT WELLS FARGO BROKERAGE
SERVICES, LLC, AND ALL INTEREST AND
OTHER PROCEEDS TRACEABLE THERETO,

ANY AND ALL FUNDS ON DEPOSIT IN
ACCOUNT NO. 0578010886, HELD IN THE
NAME OF LANDLOCKED SHIPPING
COMPANY AT WELLS FARGO BANK, N.A.,
AND ALL INTEREST AND OTHER PROCEEDS
TRACEABLE THERETO, and

ONE MERCEDES S600 FOUR-DOOR SEDAN,
BEARING VEHICLE IDENTIFICATION
NUMBER WDBGA57G5XA421548,

        Defendants-in-rem.
-----------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF CLAIMANTS' MOTION TO
STRIKE INADMISSIBLE PORTIONS OF GOVERNMENT'S DECLARATION
AND RULE 56.1 STATEMENT**

| | |
|---|---|
| JAMES E. NESLAND<br>Law Offices of James E. Nesland LLC<br>14252 East Caley Avenue<br>Aurora, Colorado 80016<br>(303) 807-9449<br><br>*Attorney for Claimants* | PAUL H. SCHWARTZ<br>*(pro hac vice application pending)*<br>Shoemaker Ghiselli & Schwartz LLC<br>1007 Pearl Street, Suite 200<br>Boulder, Colorado 80302<br>(303) 530-3452<br><br>*Attorney for Claimants* |

## INTRODUCTION

Rule 56(e) of the Federal Rules of Civil Procedure and Rule 56.1(d) of this Court's Local Civil Rules require that testimony in affidavits and other materials that a party submits in connection with summary judgment motions be admissible in evidence. In opposition to Claimants' pending summary judgment motion and in support of Plaintiff's cross-motion to strike Claimants' verified claim, or in the alternative for summary judgment, Plaintiff has offered voluminous documents and excerpts from testimony that are clearly inadmissible. This motion therefore respectfully requests that the Court strike and exclude those inadmissible materials.

## ARGUMENT

Rule 56(e) says that affidavits filed in connection with a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See also* Local Civil Rule 56.1(d) (requiring citation to "evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)"). Accordingly, "[a] court may . . . strike portions of an affidavit that are not based upon the affiant's personal knowledge [or] contain inadmissible hearsay." *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (quoted in *Primmer v. CBS Studios, Inc.*, 2009 U.S. Dist. LEXIS 81187, *9-10 (S.D.N.Y. Sept. 8, 2009)). Alternatively, the Court may disregard any material that does not comply with Rule 56(e). *Primmer* at *10. Either way, the Court must exclude such inadmissible evidence when analyzing a summary judgment motion. *See id.*

1

In its papers on the pending summary judgment motions, Plaintiff offers a declaration from its counsel, Amy Lester, Esq., to which she attaches various exhibits. Many of these exhibits lack authentication, contain inadmissible hearsay, and/or lack foundation establishing the personal knowledge that Rule 56(e) and Fed. R. Evid. 602 require. These portions of the Lester Declaration and the assertions in Plaintiff's Local Civil Rule 56.1 Statement that depend on them all should be stricken.

### A. Lack of Authentication (Fed. R. Evid. 901) and Hearsay (Fed. R. Evid. 802)

"To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2722 (3d ed. 2005) ("Wright & Miller"); *see also* Fed. R. Evid. 901(a) (proponent must provide "evidence sufficient to support a finding that the matter in question is what its proponent claims"). "[T]he affiant must be a person through whom the exhibits could be admitted into evidence." Wright & Miller § 2722. Even authentic documents are inadmissible as hearsay, moreover, if offered without the testimony of any witness, for the purpose of establishing the supposed truth of the matters they contain, and without satisfying any hearsay exception. Fed. R. Evid. 802. Of the 43 exhibits that the Lester Declaration attaches and contends are relevant to the pending motions, the following 17 exhibits are ones as to which Ms. Lester has no personal knowledge, Plaintiff offers no other evidence to authenticate them, and they constitute blatant hearsay in any event:

- Exh. 7: Purported March 13, 1997 letter from Heidi Houston to Viktor Kozeny
- Exh. 8: Purported May 26, 1997 letter from Heidi Houston to Viktor Kozeny
- Exh. 9: Purported memoranda from "Sallie" to "Lynn" and "Jev"

2

- Exh. 10: Purported June 13, 1997 fax from Dorothy McNamara to Heidi Houston

- Exh. 11: Purported handwritten "closing list"

- Exh. 12: Purported April 27, 1998 fax from Viktor Kozeny to Hans Bodmer

- Exh. 13: Purported memoranda from Dana Brackett to Viktor Kozeny or Haydon Mitchell

- Exh. 15: Purported November 12, 1997 invoice from Christensen Design Group to Dorothy McNamara

- Exh. 16: Purported December 17, 1997 fax from Cleopatra Adderley to Michael T. McNamara

- Exh. 17: Purported September 1, 1999 letter from Heidi Houston to Viktor Kozeny

- Exh. 18: Purported November 9, 1999 letter from Heidi Houston to Viktor Kozeny

- Exh. 19: Purported November 9, 1999 open listing contract

- Exh. 21: Purported October 8, 1999 letter from Heidi Houston to Jackie Miller and February 18, 2000 fax cover sheet from Heidi Houston to Viktor Kozeny and Jacque Miller

- Exh. 22: Purported excerpts of Viktor Kozeny's calendars

- Exh. 23: Purported financial statements of "Oily Rock" and "The Minaret Group, BVI"

- Exh. 24: Purported April 27, 1998 fax from Haydon Mitchell to Hans Bodmer and Claudia Strasser and purported June 16, 1998 fax from Emma Pye to Kurt Buchmann

- Exh. 25: Purported July 13, 1998, October 28, 1998, and November 17, 1998 faxes from John Christensen to Viktor Kozeny

Each of these exhibits purports to be from a decade or more ago. Each involves one or more of a variety of individuals. Yet Plaintiff offers no affidavits from any of the alleged persons involved, or any other evidence, showing that the correspondence was in fact sent and that the exhibits are what Plaintiff says they are. These documents are classic examples of unauthenticated, hearsay, inadmissible material, and should be

3

stricken, as should the alleged undisputed facts in Plaintiff's Local Civil Rule 56.1 Statement that depend on them (paragraphs 20, 21, 24, 26-30, 35-43, 45-50, and 56-58. *See, e.g., Lachira v. Sutton*, 2007 U.S. Dist. LEXIS 33250, *6-14 (D. Conn. May 7, 2007) (striking letters from summary judgment record when no witness with knowledge testified that they actually were written and/or mailed on or around the dates in question, hence plaintiff did not meet her burden of authenticating them under Rule 901).

### B. No Foundation of Personal Knowledge (Fed. R. Civ. P. 56(e), Fed. R. Evid. 602)

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Fed. R. Civ. P. 56(e) specifically requires that affidavits submitted in connection with summary judgment motions "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."

#### 1. Unsupported Testimony That Kozeny Owned Peak House

The Lester Declaration attaches affidavits and trial testimony from witnesses who state that Peak House belonged to Kozeny without offering any evidence that the witness has personal knowledge of Peak House's ownership. This inadmissible testimony, which should be stricken together with paragraph 26 of Plaintiff's Local Civil Rule 56.1 Statement (which depends on the inadmissible testimony), is as follows:

- Affidavit of John Christensen ¶ 3 (Lester Decl., Ex. 14) (naked statement that Peak House belonged to Kozeny without any foundation that witness had personal knowledge of property's ownership)

4

- Excerpt from trial testimony of John Pulley at 247 & 281 (Lester Decl., Ex. 27) (same)

- Excerpt from trial testimony of Thomas Farrell at 580 (Lester Decl., Ex. 28) (same)

- Excerpt from trial testimony of Thomas D. McCloskey, Jr. at 1426 (Lester Decl., Ex. 30) (same)

- Affidavit of Albert Glickman ¶¶ 2 & 3 (Lester Decl., Ex. 33) (same)

- Affidavit of Thomas D. McCloskey, Jr. ¶ 4 (Lester Decl., Ex. 34) (same)

- Affidavit of Aaron H. Fleck ¶¶ 3 & 4 (Lester Decl., Ex. 35) (same)

- Affidavit of Frederic Bourke ¶¶ 3-4 (Lester Decl., Ex. 36) (same)

- Second Affidavit of Aaron H. Fleck ¶¶ 2-3 & 11-12 (Lester Decl., Ex. 37) (same)

The only one of these witnesses who offers anything even purporting to be a basis for his testimony is Frederic Bourke, who recently was convicted in this Court of conspiracy to violate the Foreign Corrupt Practices Act and making false statements to a government agent. *See* Case No. 05 CR 518 (SAS), Dkt. 253. Bourke's affidavit says that at some point Kozeny told him that he was interested in buying property in Aspen and that he was in negotiations with respect to Peak House. Lester Decl. Ex. 36 ¶ 3. This bareboned testimony, however, says nothing about for whom Kozeny was engaged in negotiations or, critically, whose money bought the property. Even this testimony, therefore, fails "to support a finding that the witness has personal knowledge" of who owned Peak House. Fed. R. Evid. 901(a). Moreover, to the extent Bourke's supposed knowledge is based on what Bourke says Kozeny allegedly told him, it is inadmissible as the product of

5

inadmissible hearsay. None of the other witnesses provide any basis for their assertions of Kozeny's supposed ownership whatsoever.[1]

### 2. Statements By Kozeny's Counsel

Plaintiff next offers three documents written in 2000-2001 "on information and belief" by Mr. Nesland, Kozeny's then counsel, apparently because Claimants have retained Mr. Nesland to represent them in this action. These documents also are inadmissible under Fed. R. Evid. 602, as no basis exists for concluding that Mr. Nesland, as Kozeny's counsel years after the alleged events in question, had personal knowledge of any of the events. One document, for example, was a draft pleading that never was even filed. Plaintiff, in effect, seeks to treat these documents as judicial admissions that bind Claimants. But the fact that Kozeny's former lawyer now represents Dr. Chvatik and Landlocked in no way turns information-and-belief statements made on behalf of Kozeny into admissions binding on Claimants. *See, e.g., Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (holding that Rule 56(e)'s requirement that affidavits be made on personal knowledge "is not satisfied by assertions made 'on information and belief'") (citation omitted). The exhibits and allegations in Plaintiff's Local Civil Rule 56.1 Statement that must be stricken on these grounds are:

- Nesland Decl., Exhs 2, 5, and 9

---

[1] That the witnesses included in their affidavits boilerplate statements that they were testifying based on personal knowledge does not provide the necessary foundation where the witnesses set forth no facts showing the basis of any such knowledge. *See, e.g., Payne v. Huntington Union Free Sch. Dist.*, 219 F. Supp. 2d 273, 279 (E.D.N.Y. 2002) (holding that conclusory testimony that witness was "aware" of purported facts was insufficient foundation of personal knowledge because testimony did not say how he supposedly knew the facts); *Godfrey v. Eastman Kodak Co.*, 1991 U.S. Dist. LEXIS 4803, *13-14 (S.D.N.Y. Apr. 10, 1991) (holding that party "fail[ed] to offer an adequate foundation to substantiate his factual allegations" despite claiming to have personal knowledge).

- Plf.'s Rule 56.1 Stmt. ¶¶ 9-11, 18, 59-61 & 63-66.

### C. Non-Binding Preliminary Injunction Opinion From 2000 Private Lawsuit

Finally, Plaintiff quotes extensively from preliminary findings that a federal judge in Colorado made in 2000 when he issued a preliminary injunction in a private lawsuit. *See* Plf.'s Local Civil Rule 56.1 Stmt. ¶¶ 59-68. These findings are obviously not "evidence" – Judge Babcock had no personal knowledge of the underlying matters, relied extensively on hearsay, and was not purporting to "testify" to the matters. Presumably, Plaintiff offers his opinion not as "evidence" but on some kind of theory that it is judicial authority pertinent to this case. Plaintiff's theory is wrong as a matter of law.

As the Supreme Court has made clear, because the limited purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held," and "given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than a trial on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Consequently, "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Id.* The Second Circuit and this Court hold the same. *See, e.g., Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 274 (2d Cir. 1992) (declining to apply rule of preclusion because "[a] preliminary determination of likelihood of success on the merits in a ruling on a motion for preliminary injunction is ordinarily tentative, pending a trial or motion for summary judgment"); *Sanofi-Sythelabo v. Apotex, Inc.*, 488 F. Supp. 2d 317, 322 (S.D.N.Y. 2006) ("In the context of the Court's consideration of a motion for a preliminary injunction, all findings of fact and

conclusions of law . . . are subject to change upon the ultimate trial on the merits.") (quotations omitted).

This case illustrates the point well. Although the purpose of the 2000 preliminary injunction was to make Peak House (and later the Peak House Funds) available to satisfy a future judgment in favor of the plaintiffs in that case which Judge Babcock found would likely be rendered against Kozeny, in 2009 those plaintiffs dismissed their litigation with prejudice and *without recovery of any of the Peak House Funds to which they years earlier had made claims. See, e.g.*, Lester Decl. Ex. 43 (dismissing action with prejudice). It would be highly improper to rely on (or even admit) in these proceedings non-binding preliminary judicial findings from nine years ago whose fundamental premise – that Kozeny ultimately would be held liable to the plaintiffs – was *disproved*.

## CONCLUSION

For the reasons explained, all of the exhibits and assertions from Plaintiff's Local Civil Rule 56.1 Statement listed above should be stricken on the grounds that the offered materials are inadmissible under Fed. R. Civ. P. 56(e) and the Federal Rules of Evidence.

Dated: December 30, 2009

JAMES E. NESLAND
Law Offices of James E. Nesland LLC
14252 East Caley Avenue
Aurora, Colorado 80016
(303) 807-9449

PAUL H. SCHWARTZ
*(pro hac vice application pending)*
Shoemaker Ghiselli & Schwartz LLC
1007 Pearl Street, Suite 200
Boulder, CO 80302
(303) 530-3452

*Attorneys for Claimants*

9